UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX MELVIN WADE JR., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-3601 |
| | § | |
| STATE OF TEXAS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

Petitioner Alex Melvin Wade, Jr. is an inmate in the custody of the Texas Department of Criminal Justice. Wade filed a petition for a writ of habeas corpus challenging his conviction and 45-year sentence for aggravated theft.

Wade has previously challenged this conviction. *See* Wade *v. Thaler*, No. 4:11-cv-3514, 2013 WL 100279 (S.D. Tex. Jan. 7, 2013). The Anti-Terrorism and Effect Death Penalty Act ("AEDPA") requires this Court to dismiss any successive habeas petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Wade has already challenged his conviction through a federal habeas corpus petition. Therefore, this petition constitutes a successive habeas petition.

This Court is without jurisdiction to consider a successive petition. *See Key*, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one."). Therefore, the petition (Doc. # 1) is DISMISSED for lack of subject matter jurisdiction. All other pending motions are DENIED AS MOOT.

It is so ORDERED.

SIGNED on this 27th day of November, 2018.

_____
Kenneth M. Hoyt
United States District Judge